IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEREMY GLYNN MOORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Act. No.: 1:20-cv-262-ECM |
| ) | (WO) |
| CITY OF DOTHAN, ALABAMA, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion for summary judgment filed by the City of Dothan, Alabama ("the City") and Terry Nelson ("Nelson"). (Doc. 14).

The Plaintiff, Jeremy Glynn Moore ("Moore"), filed a complaint in this Court bringing a claim of unlawful arrest pursuant to 42 U.S.C. § 1983 (count one), state law claims for malicious prosecution (count two), abuse of process (count three), false imprisonment (count four), and invasion of privacy (count five), a claim for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 (count six), a claim for violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (count seven), and a state-law intentional infliction of emotional distress claim (count eight).

Upon consideration of the briefs, evidence, and applicable law, and for the reasons that follow, the motion for summary judgment is due to be GRANTED as to the federal claims and the Court will decline to exercise jurisdiction over the state-law claims.

## I. JURISDICTION

The Court can exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1367.  Personal jurisdiction and venue are uncontested.

## II. LEGAL STANDARD

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)).  "[A] court generally must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016).  However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018).  If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant may carry this burden "by demonstrating that the nonmoving party has failed to present sufficient evidence to support an essential element of the case." *Id.*  The burden

then shifts to the non-moving party to establish, by going beyond the pleadings, that a genuine issue of material fact exists. *Id.* at 1311–12.

### III.   FACTS

The facts, taken in a light most favorable to the non-movant, are as follows:

Moore is a resident of Texas who had traveled to Fort Benning in Georgia to watch his son graduate from basic training. When he arrived at the base, he was taken into custody on the basis of a warrant for a Jeremy Moore.

The warrant pursuant to which Moore was arrested was issued after an investigation of a complaint by Janet Kay Gill ("Gill"). Gill, in Dothan, Alabama, reported an unauthorized charge on her credit card. (Doc. 15-1). She had purchased produce from a man and a $330.00 charge went to Moore's Family Produce, but she only authorized a $30 charge. (*Id.*). Gill did not know the man's name, but gave a physical description of him, which included that he had a large leg tattoo. (*Id.*).

Nelson, of the City's police department, investigated Gill's complaint. Online, he found Moore's Family Produce in Daphne, Alabama. The Daphne police informed him that Jeremy Moore was the owner of Moore's Family Produce and had worked for Liberty National Insurance in Daphne, Alabama. (Doc. 15-2). Attempts to reach Jeremy Moore in Daphne were unsuccessful. In response to Nelson's inquiry, a representative at Liberty National Insurance said that Jeremy Moore had moved to Tyler, Texas. (*Id.* at 4).

Nelson searched an online arrest records website for Texas and found a Jeremy Moore in Tyler, Texas who fit the physical description given by Gill. (*Id.*). He obtained a picture of Jeremy Moore. (*Id.*) Nelson created a five-photograph line-up using driver's

license photograph pictures of men with similar features. (*Id.*). Gill identified Moore's picture as the perpetrator. (*Id.*). Another Dothan, Alabama woman who had purchased produce identified the seller as being named Jeremy Moore, but could not be 100% certain of the photograph identification. (*Id.* at 5).

A warrant for Moore was issued by a Magistrate Judge after Nelson presented Gill's positive identification from the photographic line-up. When Moore could not be located, the case was presented to the grand jury in Houston County, Alabama. (*Id.* at 6). The grand jury indicted Moore for fraudulent use of a credit or debit card and a warrant of arrest was issued.

After Moore was arrested at Fort Benning pursuant to the warrant, his attorney provided photographs of his client which showed that he did not have a large leg tattoo. Nelson informed the Houston County District Attorney that Moore was not the correct suspect. (Doc. 15-2). The criminal case against Moore was dismissed.

## IV.  DISCUSSION

The Court will first address the federal claims against Nelson and the City and then the state-law claims.

### A.  Federal Claims

#### 1.  *Claims Against Nelson*

The Defendants have moved for summary judgment as to the federal claims asserted against Nelson on the basis of qualified immunity.  Qualified immunity protects government officials from suit if they are "performing discretionary functions" and "their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

  a. Discretionary Authority

Moore does not directly respond to the Defendants' qualified immunity arguments. Instead, in his brief, Moore refers to the Alabama statute governing state discretionary-function immunity. (Doc. 17 at 2). Moore contends that because there was no need for a split-second decision during his arrest, the public policy considerations underlying immunity do not apply. Moore also argues that confirming the identity of a suspect is ministerial and not discretionary. Because acting pursuant to a discretionary function is a component of the qualified immunity inquiry applicable to federal claims, the Court will examine Moore's arguments in the context of his federal claims.

In examining the discretionary authority issue, federal courts ask whether the government employee was performing a legitimate job-related function, through means that were within his power to utilize. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004). "Investigating crimes, conducting searches, and making arrests are legitimate job-related functions within the discretionary authority of police officers." *Mears v. McCulley*, 881 F. Supp. 2d 1305, 1318–19 (N.D. Ala. 2012).[1] Accordingly, although Moore makes a policy argument as to why qualified immunity analysis should not apply, because the undisputed facts are that Moore was performing job

---

[1] The Court notes that the Eleventh Circuit also has concluded that police investigations and arrests usually are considered "discretionary function[s] within the line and scope of . . . law enforcement duties" for the purposes of discretionary-function immunity under Alabama law. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1267–68 (11th Cir. 2010).

5

functions of investigating crimes and seeking warrants for arrest, which applicable law recognizes as discretionary functions, the Court concludes that qualified immunity can apply in this case if the other requirements of the doctrine are met. *See Hutton v. Strickland*, 919 F.2d 1531, 1537–38 (11th Cir.1990)(holding that sheriff's deputies acted within their discretionary authority when investigating a suspected crime, making an arrest, and searching a vehicle).[2]

### b. Violation of a Clearly Established Federal Right

Determining whether a defendant is entitled to qualified immunity requires a two-pronged inquiry. The first prong is whether the facts, "[t]aken in the light most favorable to the party asserting the injury . . . show the officer's conduct violated a [federal] right [.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong of the qualified-immunity analysis asks whether the violation of the federal right was "clearly established" at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

The Defendants argue that there is no constitutional violation in this case because probable cause existed for Moore's indictment and arrest warrant. They rely in part on the Eleventh Circuit's decision in *Rushing v. Parker*, 599 F.3d 1263 (11th Cir. 2010).

A defendant need only demonstrate that arguable probable cause existed in order to be protected by qualified immunity. *Id.* at 1266. "Arguable probable cause exists where

---

[2] Moore's claim in count seven for violation of the Fourteenth Amendment is unclear. He pleads in the complaint that the defendants acted in furtherance of a "political vendetta." (Doc. 1 at 6). The Defendants moved for summary judgment on a deliberate indifference Fourteenth Amendment claim. Because Moore has not responded to this claim in anyway in his brief, the Court considers the Fourteenth Amendment claim to have been abandoned. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000)(holding that the "failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.").

reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest." *Id.* (quotation and citation omitted).

Moore has not directly addressed the Defendants' arguments with respect to his federal claims. In response to the Defendants' arguments regarding his state-law claims, however, he points to a purported policy of attempting to contact an identified person three times, and argues that it would have been consistent with that policy if Nelson had attempted to contact Moore in Texas, and had not merely attempted to contact Jeremy Moore in Daphne, Alabama. (Doc. 17 at 3).

In *Rushing*, the plaintiff was mistakenly identified as the perpetrator of a crime and arrested. 599 F.3d at 1265. The victim of the crime had filed a complaint against the perpetrator by name, but the name given by the victim was not the full name of the perpetrator, and was instead the name of the plaintiff. *Id.* at 1268. The victim later identified the plaintiff as the perpetrator from a photographic lineup. *Id.* The Eleventh Circuit held that there was "no evidence that [the defendant officer] had reason to believe the perpetrator was anyone other than the Plaintiff, given the victim's complaint and identification." *Id.* at 1268. Therefore, "a reasonable officer [in the defendant officer's] situation could have followed a similar course of action and believed that probable cause existed." *Id.* The Eleventh Circuit explained that while the officer could have conducted a more thorough investigation to confirm the perpetrator's identity, there was no evidence that the officer had reason to believe that the plaintiff was not indeed the perpetrator,

considering that the victim filed the complaint against a person with a similar name and identified the plaintiff as the perpetrator in the photo line-up. *Id.* at 1268.

In this case, Moore has not pointed to any evidence which would tend to show that Nelson had reason to believe he was not the perpetrator, but has merely argued that Nelson could have done more to confirm Jeremy Moore's identity and, in doing so, would have discovered that he was not the perpetrator of the crime. In light of the holding of *Rushing*, this Court concludes that the undisputed facts that Gill identified Moore's Family Grocery and gave a physical description of the perpetrator, that from that information Nelson obtained a photograph of Moore and created a photographic line-up, and that Gill identified Moore as the perpetrator from that line-up, support a finding that Nelson "had, at minimum, arguable probable cause" to seek an arrest warrant and indictment of Moore. *Id.* The motion for summary judgment is due to be GRANTED as to the federal claims against Nelson on the basis of qualified immunity.

  *2. Claims Against the City*

A city cannot be held liable under § 1983 on the basis of *respondeat superior* or vicarious liability. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Instead, a plaintiff must prove a municipal policy or custom which caused a constitutional violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Moore's response to the Defendants' motion for summary judgment as to the federal claims against the City concedes that the City cannot be held liable for punitive damages, but only indirectly addresses the *respondeat superior* argument. (Doc. 17 at 4). Significantly, Moore does not argue that there is evidence of a policy or custom which

caused a constitutional deprivation.  Because Moore has not pointed to any evidence of a policy or custom on the part of the City which caused a violation of constitutional rights, summary judgment is due to be GRANTED as to the federal claims against the City.

### B. State-Law Claims

Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss any remaining state-law claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004).  Before dismissing the remaining state-law claims, the Court must consider the factors of judicial economy, convenience, fairness, and comity. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 537 (11th Cir. 2015).

"Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." *Ameritox*, 803 F.3d at 540. Indeed, the Supreme Court has declared that "[n]eedless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  In this case, there are state-law immunity issues which are better resolved by the state courts.  Further, there is nothing before the Court to suggest that the remaining factors—convenience and fairness—weigh in favor of retaining subject-matter jurisdiction.  Moreover, the Court can discern no possibility of significant prejudice to any party, particularly in light of § 1367(d)'s provision tolling the statute of limitations on any

of the state-law claims. *See* 28 U.S.C. § 1367(d). Accordingly, the Court declines to exercise supplemental jurisdiction over the state-law claims pursuant to § 1367(c)(3).

## V.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment is GRANTED as to the federal claims, and judgment will be entered against the Plaintiff and in favor of Terry Nelson and the City of Dothan on those claims.

2. The Court declines to exercise supplemental jurisdiction over the state-law claims in this case pursuant to 28 U.S.C. § 1367 (c) and the state-law claims will be dismissed without prejudice.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

Done this 30th day of August, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE